68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo CASTANON, Defendant-Appellant.
 No. 94-2445.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and COFFMAN, District Judge.*
 
 ORDER
 
 2
 Angelo Castanon, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924(a)(2), and 924(e). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On September 2, 1994, Castanon pleaded guilty to the charge described above pursuant to a Fed.R.Crim.P. 11 plea agreement. The district court sentenced him on December 13, 1994, to 103 months in prison, three years of supervised release, and a $20,000 fine. This sentence was based upon a total offense level of 26, which included a two-level increase for obstruction of justice, and a criminal history category of IV; the district court refused to grant a reduction for acceptance of responsibility.
 
 
 4
 On appeal, Castanon argues that the district court erred in enhancing his base offense level for obstruction of justice.
 
 
 5
 The district court's judgment should be affirmed because the court did not err in finding that Castanon's statements to the probation officer and the court obstructed the administration of justice, warranting the application of USSG Sec. 3C1.1.
 
 
 6
 This court employs a two-part standard when reviewing an enhancement for obstruction of justice. The district court's findings of fact as to the defendant's conduct are reviewed for abuse of discretion and the district court's determination of whether that conduct constitutes obstruction of justice within the meaning of Sec. 3C1.1 is reviewed de novo. United States v. Oleson, 44 F.3d 381, 386 (6th Cir.1995). A district court may enhance a sentence for obstruction of justice if the defendant makes a materially false statement during the investigation, prosecution, or sentencing of the charged offense, even though the statement does not actually concern the charged offense. United States v. Crousore, 1 F.3d 382, 384-85 (6th Cir.1993). However, an upward adjustment for obstruction of justice requires more than a mere conflict in trial testimony or the fact finder's rejection of a defendant's alibi or denial of guilt. United States v. Bueno, 21 F.3d 120, 128 (6th Cir.1994).
 
 
 7
 The district court did not abuse its discretion in finding by a preponderance of the evidence that Castanon was lying when he denied being the shooter in the assault on two persons outside of a market on the night he was arrested. Castanon merely denied that he was the shooter, both under oath at his plea proceeding and to the probation officer who was preparing his presentence investigation report. He declined to put on any supporting evidence during the sentencing proceeding. This was insufficient to rebut the grand jury testimony of witnesses and an accomplice that Castanon was, in fact, the shooter. Thus, the district court appropriately concluded that the preponderance of the evidence established both that Castanon did shoot the victims and that he lied about not shooting them.
 
 
 8
 Nor did the district court err in determining that Castanon's conduct warranted application of the enhancement for obstruction of justice. The district court sua sponte applied the enhancement because Castanon's oral and written statements to the probation officer and at sentencing constituted a material falsehood designed to influence the court's sentencing decision. See United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993); United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995).
 
 
 9
 Citing Application Note 1, Castanon argues that his simple denial of guilt is insufficient to warrant the application of Sec. 3C1.1. In so arguing, he relies upon the fact that he did not give sworn testimony to the probation officer or at sentencing and, thus, did not commit perjury during the sentencing process. However, the defendant's sworn denial under oath at his plea proceeding, when considered in conjunction with the district court's findings at sentencing, is sufficient to justify the enhancement. See Dunnigan, 113 S.Ct. at 1116-17. Castanon was under oath at his plea proceeding when he denied being the shooter. The district court specifically found during the sentencing proceeding that similar denials to the probation officer and at sentencing were materially false. Thus, the district court did not err in applying the two-level enhancement to Castanon's offense level pursuant to Sec. 3C1.1, comment. (n. 3(b)).
 
 
 10
 Even if we were to find that the district court could not or did not rely on Castanon's sworn denial during his guilty plea to support the enhancement, the enhancement was still justified under Application Note 3(h), which covers materially false information provided to a probation officer in respect to a presentence investigation for the court. The district court specifically found that Castanon's affirmative oral and written statements, both personal and transmitted through his attorney, exceeded the "simple denial" excluded from the scope of the enhancement by Application Note 1.
 
 
 11
 Accordingly, the district court's judgment, entered on December 20, 1994, is affirmed.
 
 
 
 *
 The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation